IN THE STATE COURT IN AND FOR MAYES COUNTY
STATE OF OKLAHOMA

MARLA MURPHY,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.

Case No.:

CJ-17-88

FILED IN THE DISTRICT COURT
MAYES CO. OKLAHOMA
MAY 19 2017
RITA HARRISON, COURT CLERK
BY_____ DEPUTY

ATTORNEY LIEN CLAIMED

## PETITION

COMES NOW the Plaintiff, Marla Murphy, by and through her attorneys, Donald E. Smolen, II, and Laura L. Hamilton of the firm SMOLEN, SMOLEN & ROYTMAN, PLLC, and for her cause of action against the Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), alleges and states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Marla Murphy is a resident of Mayes County, Oklahoma.

2. Defendant State Farm is a foreign for-profit corporation engaged in the business of insurance in Mayes County, Oklahoma.

3. The accident giving rise to the insurance claim underlying Ms. Murphy's cause of action occurred in Mayes County, Oklahoma, and the acts and omissions giving rise to this cause of action occurred, at least in part, in Mayes County, Oklahoma.

4. This Court has jurisdiction and venue is proper in Mayes County, Oklahoma.

### FACTS COMMON TO ALL CLAIMS

5. Paragraphs 1-4 are incorporated herein by reference.

6. On or about June 17, 2015, Ms. Murphy was operating a vehicle owned and insured by her mother, Denise Kupiec, with permission.

7. On that date, Ms. Murphy was involved in a motor vehicle accident with Sheldon Hamilton. Specifically, Ms. Murphy collided with the rear of Mr. Hamilton's vehicle, causing damage to his vehicle. Upon information and belief, Mr. Hamilton was not physically injured in the collision.

8. At the time of the collision, the vehicle Ms. Murphy was operating was insured by State Farm. Under the applicable policy, State Farm was obligated to defend Ms. Murphy from claims made against her, to pay the reasonable value of any claims for which she was liable, and to deal fairly and in good faith with her.

9. Mr. Hamilton made a claim with State Farm against Ms. Murphy for damages he incurred as a result of the June 17, 2015 collision. State Farm investigated Mr. Hamilton's claim, determined the evidence provided by Mr. Hamilton established that the value of his claim was approximately $10,000.00, and wrote him a check for that amount. **However, State Farm wholly and completely failed to obtain a release from Mr. Hamilton prior to tendering settlement funds to him on behalf of Ms. Murphy**.

10. Because State Farm failed to obtain the customary and necessary release from Mr. Hamilton, he pursued Ms. Murphy for restitution in the criminal action arising out of the collision, Mayes County District Court case number CF-2015-243, asserting that his total damages exceeded *fifty-thousand dollars* **($50,000.00)**. Ms. Murphy contested that amount but was unable to retain effective counsel, and on June 8, 2016, the court awarded restitution against Ms. Murphy and in favor of Mr. Hamilton in the amount of

**$42,158.68**. The court noted that it was off-setting Mr. Hamilton's total claimed damages in recognition of the $10,000.00 Mr. Hamilton received from State Farm.

11. The court refused to set aside the restitution despite Ms. Murphy's request and Ms. Murphy is criminally liable for the entire $42,158.68. <u>If she fails to make a monthly payment, or if she is late in making a payment, she will be arrested and imprisoned</u>.

12. Had State Farm obtained the customary and necessary release prior to tendering Mr. Hamilton the $10,000.00 on behalf of Ms. Murphy, he would have been precluded from seeking restitution from Ms. Murphy directly. Alternatively, if State Farm had defended Mr. Hamilton's restitution claim on behalf of Ms. Murphy or paid the balance of Mr. Hamilton's damages – as determined by the court in its order for restitution – Ms. Murphy would not be subject to the oppressive debt under threat of imprisonment.

## CAUSES OF ACTION

### I. Breach of Contract

13. Paragraphs 1-12 are incorporated herein by reference.

14. At the time of the collision on June 17, 2015, Ms. Murphy was an insured under Ms. Kupiec's policy of insurance written by State Farm.

15. Pursuant to the terms of the policy of insurance with State Farm, this is a factual situation wherein coverage applies to the accident between Ms. Murphy and Mr. Hamilton.

16. Accordingly, State Farm is obligated under the policy to pay Mr. Hamilton the full measure of his damages for which Ms. Murphy is liable, up to the policy limits of $50,000.

17. Ms. Murphy has requested State Farm make payment to Mr. Hamilton for the balance of his damages as determined by the court in CF-2015-243 but State Farm has failed to tender said payment as required under the policy of insurance.

18. State Farm has breached its contract of insurance and wholly refused or neglected to pay the damages for which Ms. Murphy is liable. Said failure constitutes a breach of contract of said insurance policy and Ms. Murphy is entitled to judgment against State Farm for the damages proximately caused by said breach.

## II. Breach of the Duty of Good Faith and Fair Dealing

19. Paragraphs 1-18 are incorporated herein by reference.

20. State Farm owed Ms. Murphy a duty to deal fairly and in good faith with her, taking reasonable steps to protect her interests and pay Mr. Hamilton's damages for which Ms. Murphy is legally liable.

21. In its dealing with Ms. Murphy and in its handling of Mr. Hamilton's claim, State Farm breach its duty of good faith and fair dealing in the following respects:

   a. Failing to obtain a release from Mr. Hamilton in favor of Ms. Murphy prior to tendering settlement benefits to Mr. Hamilton on Ms. Murphy's behalf;

   b. Failing to take reasonable steps to protect Ms. Murphy's interests prior to and during the restitution hearing in CJ-2015-243;

   c. Failing to pay Mr. Hamilton the full measure of damages for which Ms. Murphy is legally liable, up to the applicable policy limits;

   d. Failing to pay insurance benefits under the policy at the time when State Farm knew or should have known payment was owed;

  e. Unreasonably delaying payment of benefits under the policy without a reasonable basis;

  f. Intentionally and recklessly misapplying the provisions of the insurance policy; and

  g. Failing to properly and reasonably defend Ms. Murphy against Mr. Hamilton's claims.

22. As a direct result of State Farm's breach of contract and breach of its duty of good faith and fair dealing, Ms. Murphy has suffered the loss of insurance policy benefits, and become directly, personally and criminally liable to Mr. Hamilton for an amount exceeding $40,000.00, payment of which dictates her liberty and freedom. Ms. Murphy has suffered serious mental and emotional distress, anxiety, embarrassment and financial hardship as a result of State Farm's unreasonable conduct, in an amount that exceeds Seventy-Five Thousand Dollars ($75,000.00).

  WHEREFORE, premises considered, Plaintiff Marla Murphy prays that this Court grant her the relief sought, including, but not limited to, actual damages in excess of Seventy-Five Thousand Dollars ($75,000.00), with interest accruing from the date of filing suit, punitive damages, costs, reasonable attorney's fees, and all relief deemed appropriate by this Court.

Respectfully submitted,

SMOLEN, SMOLEN & ROYTMAN, PLLC

_____
Donald E. Smolen, II, OBA#19944
Laura L. Hamilton, OBA#22619
701 S. Cincinnati Ave.
Tulsa, OK 74119
(918) 585-2667 P
(918) 585-2669 F
donaldsmolen@ssrok.com
laurahamilton@ssrok.com
*Attorneys for the Plaintiff, Marla Murphy*